FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 JUL 12   PM 12 27

STEPHAN HARRIS, CLERK
CHEYENNE

Larry B. Jones WSB # 5-1847
Colin M. Simpson, WSB # 5-2312
BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.
P.O. Box 490
Cody, WY 82414
307-527-7891
307-527-7897 FAX
ljones@skelaw.com
csimpson@skelaw.com
*ATTORNEYS FOR PLAINTIFF*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| MANAGEMENT NOMINEES INC., a Belize Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL NO. ___13-CV-140-J___ |
| ALDERNEY INVESTMENTS LLC a Wyoming Limited Liability Company, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW**, Plaintiff Management Nominees Inc., by and through its

undersigned counsel, Larry B. Jones and Colin M. Simpson of Burg Simpson Eldredge

Hersh & Jardine, P.C., and for its Complaint against the above named Defendant states

and alleges as follows:

### Parties

1.    Plaintiff, Management Nominees Inc. is a foreign corporation that is the

sole member of Alderney Investments LLC (herein sometimes referred to as "Alderney" and the "Company").

2.     Defendant, Alderney Investments LLC was at all relevant times a Wyoming limited liability company, with its principal place of business located at 214 W. Lincolnway, Ste. 23, Cheyenne, Wyoming, 82001.

### Jurisdiction and Venue

3.     Personal jurisdiction exists in this case in that Defendant is a Wyoming limited liability company, duly organized under the laws of the state of Wyoming. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(b) as diversity exists between all parties to this civil action.  Plaintiff is a foreign corporation, incorporated in the country of Belize.  Defendant is an entity created under Wyoming law.

4.     This action is civil in nature, involving, exclusive of interest and costs, a sum in excess of $75,000.00, the jurisdictional requirement of this Court.

5.     Further, venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that this is the residence of the Defendant.

### General Allegations

6.     Alderney Investments LLC was organized under the laws of the State of Wyoming by filing Articles of Organization on June 29, 1999 (See Annex A of the attached affidavit of Rico Sieber).

7.      Pursuant to the Limited Liability Company Agreement of Alderney Investments LLC entered into on July 5, 1999 (herein referred to as the "Operating Agreement" and attached hereto as Annex B of the attached affidavit of Rico Sieber), Management Nominees Inc (Panama) and Nominees Associated Inc (Panama) became members of Alderney Investments LLC and were issued Membership Certificates on July 5, 1999 (See Annex C of the attached affidavit of Rico Sieber).

8.      On September 13, 2012, Management Nominees Inc (Panama) and Nominees Associated Inc (Panama) assigned their membership interest in Alderney Investments LLC, to Management Nominees Inc. (Belize) (a copy of the Statement of Assignment of LLC interests is attached hereto as Annex D of the attached affidavit of Rico Sieber).

9.      Rico Sieber is the sole stakeholder of Management Nominees Inc. (Belize) which is the sole member of Alderney Investments LLC.

10.     At no time prior to September 13, 2012, had Management Nominees Inc (Panama) or Nominees Associated Inc (Panama) transferred any of their interests in Alderney Investments LLC to any third party nor did Alderney Investments LLC extend any additional membership interest to any third party.

11.     Since August 20, 2010 several unauthorized documents were filed with the Wyoming Secretary of State including the following (attached hereto as Annex E of the

attached affidavit of Rico Sieber):

    a.    On September 3, 2010, an Amendment to the Articles of Organization was filed which purported to appoint International Corporate Directors Limited, a company incorporated in the Republic of the Marshall Islands, as the Sole Manager of the Company.  This document was signed by an agent of Intl Corporate Directors LTD with Robert Nogacki listed as the contact person.

    b.    On September 15, 2010, a Statement of Change By Business Entity was filed which purported to change the registered agent of the Company from Corporate Creations Network, Inc. to Sergio Nunez. This document was signed by an agent of Intl Corporate Directors LTD with Robert Nogacki listed as the contact person.

    c.    On October 1, 2010, a Statement of Change By Business Entity was filed which purported to change the registered agent of the Company from Sergio Nunez to WyomingRegisteredAgent.com, Inc. This document was signed by an unidentified person with Keith Vogt listed as the contact person.

    d.    On August 9, 2011, a Statement of Change By Business Entity was filed which purported to change the registered agent of the Company from United Corporate Services, Inc. to WyomingRegisteredAgent.com, Inc.

This document was signed by Robert Nogacki with Keith Vogt listed as the contact person.

e.    On March 14, 2013, an Update Form was filed purporting to change the principal address of the Company. The document was filed by Edyta Skowronska.

f.    On March 14, 2013, an Amendment to the Articles of Organization was filed which purported to appoint QBIK Sp z o.o., a company incorporated in Poland as the Sole Manger of the Company. The document was filed by Edyta Skowronska.

g.    On March 14, 2013, a Statement of Change By Business Entity was filed which purported to change the registered agent of the Company from United Corporate Services, Inc. to John M. Kuker, PC. This document was signed by Jeffrey M. Boldt with Christina Jennings and Jeffrey M. Boldt listed as the contact persons.

h.    On March 22, 2013, Articles of Dissolution were filed which purported to dissolve the Company. This document was filed by Edyta Skowronska.

12.    The foregoing filings with the Wyoming Secretary of State were not properly authorized by Alderney Investments LLC nor were they authorized by any action or inaction of the Members of Alderney Investments LLC.

13.     The Members of Alderney Investments LLC, whether Management Nominees Inc (Panama) and Nominees Associated Inc (Panama), jointly or singly while they were Members or Management Nominees Inc., have never authorized Edyta Skowronska, Robert Nogacki, Intl Corporate Directors LTD, Keith Vogt, QBIK Sp z o.o., or Jeffrey M. Boldt to file documents on its behalf with the Wyoming Secretary of State.

14.     The Members of Alderney Investments LLC, whether Management Nominees Inc (Panama) and Nominees Associated Inc (Panama), jointly or singly while they were Members or Management Nominees Inc., have never appointed International Corporate Directors Limited, a company incorporated in the Republic of the Marshall Islands or QBIK Sp z o.o., a company incorporated in Poland to any position or office with any management or other authority over Alderney Investments LLC.

15.     Management Nominees Inc. (Belize), the sole member of Alderney Investments LLC, has never authorized the dissolution of Alderney Investments LLC.

16.     No Member of Alderney Investments LLC has ever authorized the dissolution of Alderney Investments LLC.

17.     No Member of Alderney Investments LLC has declared bankruptcy, died, been dissolved, been expelled, become incapacitated or withdrawn their membership interest.

18.     No decree of judicial dissolution has been entered with respect to Alderney

Investments LLC.

19.     Alderney Investments LLC is an active limited liability company with

assets in excess of $75,000.00.

**FIRST CLAIM FOR RELIEF**
**COMPLAINT FOR DECLARATORY JUDGMENT**
**PURSUANT TO 28 U.S.C. § 2201** *et seq.*

20.     The operations of Alderney Investments LLC are governed by an operating

agreement.

21.     An operating agreement is contractual in nature and is the proper subject of

a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.*

22.     Pursuant to Paragraph 7 (a) of the Operating Agreement only certain

conditions can cause the dissolution of Alderney Investment LLC. None of these

conditions have been met and the purported dissolution is therefore unauthorized.

23.     Pursuant to Paragraph 7 (b) of the Operating Agreement only the members

of Alderney Investments LLC may proceeded to wind up the Company's affairs upon a

proper dissolution.

24.     Plaintiff is entitled to a judgment from this Court declaring that the

purported dissolution of Alderney Investments LLC has not been properly authorized by

the Company, that the purported dissolution is null and void, and that Plaintiff

Management Nominees Inc. is the sole member of Defendant Alderney Investments LLC.

### SECOND CLAIM FOR RELIEF
### DIRECT ACTION BY A MEMBER AGAINST AN LLC
### PURSUANT TO WYO. STAT. ANN. § 17-29-901

25.     The allegations contained in paragraphs 1-24 set forth above are incorporated herein by reference.

26.     Wyo. Stat. § 17-29-901 authorizes a member to maintain a direct action against a limited liability company to enforce the member's rights and otherwise protect the members' interests, including rights and interests under the operating agreement or Chapter 29 of the Title 17 of the Wyoming Statutes.

27.     Plaintiff, the sole member of Alderney Investments LLC, has not authorized a change in management of the Company and the attempt to usurp control of the Company by fraudulently filing documents with the Secretary of State is *void ab initio*.

28.     Notwithstanding Plaintiff's contention that the change in management is void, because the documents that purportedly give QBIK Sp z o.o. the authority to manage the LLC has been filed with Wyoming Secretary of State, Plaintiff has been irreparably harmed by the apparent authority that has been vested in QBIK Sp z o.o. by virtue of the filing.

29.     Plaintiff has been further damaged because QBIK Sp z o.o. has fraudulently caused unauthorized Articles of Dissolution to be filed with the Wyoming Secretary of State.

30.     Plaintiff has not authorized the dissolution of Alderney Investments LLC. Absent the unauthorized filing of Articles of Dissolution, Plaintiff could file a statement of correction with the Secretary of State to correct the filing but now that the Company has been dissolved and the Wyoming Secretary of State will not accept any additional filings. The unauthorized filings alleged above have, therefore, injured Plaintiff by eliminating their ability to correct the Company's fraudulent filings.

31.     In addition to the foregoing, Alderney Investments LLC has been awarded a judgment from a Polish court ordering Ms. Agata Orlowska (Edyta Skowronska's sister) to turn over certain shares in a Polish company (EURO) to Alderney Investment LLC. Pursuant to Polish law, because EURO owns real estate in Poland, Alderney Investments LLC needs to become authorized by the Polish Ministry of the Interior before it can lawfully own the shares of EURO. An application before the Polish Ministry of the Interior is currently pending to obtain the necessary approval. If the unauthorized dissolution is not set aside, Alderney Investments LLC will be irreparably harmed, and therefore Plaintiff Management Nominees Inc., as the sole Member of Alderney Investments LLC will be harmed.

32.     Pursuant to Wyo. Stat. Ann. § 17-29-904(a)(ii) (LexisNexis 2011), a

demand to Defendant Alderney Investments LLC has not been made pursuant to § 17-29-

902 since it would be futile.  The basis of this assertion is that, though Plaintiff is the sole

member of Alderney Investments LLC, Defendant is under the control of individuals and

entities that claim they are the sole owners of the limited liability company and that

Plaintiff has no interest therein.

33.     Plaintiff is entitled to a judgment against Defendant ordering Defendant to

take all steps necessary to reinstate the company with the Wyoming Secretary of State

and, in the alternative, for a judgment in the amount of not less than $75,000.00 for the

value of the assets of the company that will be lost to the company and its members.

## THIRD CLAIM FOR RELIEF
## INJUNCTIVE RELIEF

34.     The allegations contained in paragraphs 1-33 set forth above are

incorporated herein by reference.

35.     Defendant Alderney Investments LLC has taken steps to dissolve itself

under Wyoming law, including the filing of Articles of Dissolution with the Wyoming

Secretary of State on March 22, 2013 pursuant to Wyo. Stat. Ann. § 27-19-702(b)(ii)(A)

(LexisNexis 2013).

36.     In the process of dissolving itself, under Wyoming law, Defendant

Alderney Investments LLC is directed to "discharge the company's debts, obligations, or

other liabilities, settle and close the company's activities and marshal and distribute the

assets of the company." Wyo. Stat. Ann. § 27-19-702(b)(I) (LexisNexis 2013).

37.   Defendant Alderney Investments LLC was at the time of the filing of the

Articles of Dissolution, and upon information and belief, is currently the owner of

personal property, the value of which is in excess of the jurisdictional requirements of

this Court.

38.   The primary business of Defendant Alderney Investments LLC was the

holding and reinvesting in assets similar to those it owned at the time the invalid Articles

of Dissolution were filed.

39.   Under Wyoming law, particularly Wyo. Stat. Ann. § 17-29-702(b)(ii)(D)

(LexisNexis 2013), a dissolving limited liability company is permitted to transfer the

company's property.

40.   As the true and only member of Defendant Alderney Investments LLC,

Plaintiff Management Nominees Inc. will suffer irreparable harm for which there is no

adequate remedy at law.  The assets of the company may be transferred for minimal or

insufficient consideration to third parties and re-transferred subsequently, making

reacquisition of that property problematic at such time as Plaintiff's ownership is

confirmed by this Court.

41.     Plaintiff Management Nominees Inc. is entitled to preliminary and permanent injunctive relief against Defendant, prohibiting any actions by Defendant, its agents, assigns, employees or others within its control, during the pendency of these proceedings, designed to further wind up the business of the limited liability company, to transfer, sell or otherwise dispose of the assets of the Company, or in any manner render the Company a non-functioning entity.

42.     The nature of the property held by Defendant Alderney Investments LLC is such that any restriction on their transfer at this time and during the pendency of this action would not cause financial consequences or harm to the Defendant.

43.     No bond, or a minimal one, should be required in this matter.

## PRAYER FOR RELIEF

Wherefore Plaintiff Management Nominees Inc. respectfully requests the following relief:

1.      For a Judgment pursuant to 28 U.S.C. § 2201, *et seq.,* declaring that Plaintiff Management Nominees Inc. is the sole member of Alderney Investments LLC and that no other person or entity has any right of control over the Company's affairs;

2.      For a Judgment pursuant to 28 U.S.C. § 2201, *et seq.,* declaring the purported dissolution of Alderney Investments LLC was not properly authorized by the Company and that the purported dissolution is null and void;

3.      For a Judgment directing and ordering Alderney Investments LLC to file a statement of correction with the Wyoming Secretary of State, correcting the inaccurate filings from March 14, 2013 to March 22, 2013 and reinstating the Company in good standing with the State of Wyoming;

4.      For a Judgment directing and ordering Alderney Investments LLC to issue a proper resolution recognizing and affirming that Plaintiff Management Nominees Inc. is the sole member of Alderney Investments LLC and has the full right and authority to control its operations, including the designation of any registered agent, principal place of business and/or contact person for purposes of re-registering as an active limited liability company with the Wyoming Secretary of State in whatever form is acceptable to the Wyoming Secretary of State;

5.      For a Judgment giving Plaintiff Management Nominees Inc. the right and authority to take any and all actions necessary to accomplish the other relief granted by this Court;

6.      Upon proper motion and hearing before the Court, issue a temporary restraining order and preliminary injunction barring Defendant Alderney Investments LLC from taking any further action in winding up the business of the Company until further order of the Court, including the sale or other transfer or divestiture of any assets of the company; and

7.    For such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated this ___10th___ day of July, 2013.

Colin M. Simpson WSB #5-2312
Larry B. Jones WSB #5-1847
Simpson Kepler & Edwards, LLC
The Cody, Wyoming division of
BURG SIMPSON ELDREDGE HERSH
& JARDINE, P.C.
P.O. Box 490
Cody, WY 82414
(307) 527-7891 Phone
(307) 527-7891 Fax
Attorneys for Plaintiff